Ellis L. **LAWRENCE**, Appellant,

Earl J. **Williams**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 43079.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Alfred Bonner, Houston, for appellants.

Carol Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The appellants were jointly indicted and jointly tried for the offense of felony theft, and their punishment assessed at two years.

The appellants contend that the trial court erred in allowing the state to ask its principal witness a leading question that was highly prejudicial to the appellant.

During the examination of the state's witness, Oliver J. Johnson, the following occurred:

"Q (By Mr. Hirtz) Directing your attention back to July, 1966, did you buy some virgin metal, virgin nickel from anyone in July, 1966?

"A (By witness) Yes, sir, I did.

"Q Did you buy approximately eleven hundred ninety-nine pounds of metal back at that time?

"A I did.

"Mr. Cutler: I object to leading. He should know how much he bought.

"The Court: I sustain the objection.

"Mr. Cutler: I ask that the jury be instructed.

"The Court: The jury is instructed they are not to consider the question for any purpose. I sustained the objection.

"Q (By Mr. Hirtz) Do you recall how much of this virgin nickel you bought back in July of 1966?

"A (By witness) I bought eleven hundred ninety-nine pounds.

"Mr. Cutler: I objected after a leading question was asked of him and he turned around and asked how much. As important as that is to this case, I object to that being brought into evidence. He put words in his mouth and then asked him again.

"The Court: That's overruled.

"Mr. Cutler: Note our exception."

■ The appellants received all the relief that they had requested when the trial court instructed the jury not to consider the leading question for any purpose. The objections were directed to the quantity purchased and not to whether a purchase was made. A case will not be reversed in the absence of a showing of an abuse of the trial court's discretion in allowing a leading question, and where a question has been improperly put, counsel may propound a proper question free from the defects in the former question. McCormick and Ray on Evidence 2d, Secs. 579, 580; 62 Tex.Jur.2d 18, Sec. 147; Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606. No abuse of discretion is shown.

In addition the record reflects that the witness Johnson later testified without objection to substantially the same facts as

were elicited in the testimony as set out above.

Finding no reversible error, the appellant's ground of error is overruled.

The judgment is affirmed.